**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

BETH SAVITCH,

        Plaintiff,

vs.

SETERUS, INC.,

        Defendant.

_____/

**COMPLAINT**

**COMES NOW,** the Plaintiff, BETH SAVITCH, by and through the undersigned counsel, brings this action against the Defendant, SETERUS, INC. ("SETERUS"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

4.     SETERUS has developed and employed a scheme of indiscriminately charging "property inspection" fees to Plaintiff's mortgage loan. These fees are reflected on mortgage statements issued by SETERUS. The property inspections serve no legitimate purpose; rather, these fees merely enable SETERUS to increase its profit at the expense of Plaintiff.

## JURISDICTION

5.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6.     Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7.     Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue in this District is proper because Plaintiff resides in Palm Beach County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

9.     At all times material hereto, Defendant, SETERUS was and is a foreign Corporation, incorporated under the laws of the State of Delaware, and lists its registered agent as CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

10.    At all times material hereto, Plaintiff was and is a resident of Palm Beach County, Florida, and owns a home, which is Plaintiff's primary residence, in Palm Beach County.

11.    At some point in time prior to the violations alleged herein, SETERUS was hired to service the subject loan.

12. At all times material hereto, SETERUS, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by Federal National Mortgage Association ("Fannie Mae") and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** Palo Verde Drive, Boynton Beach, Florida 33436.

13. At all times relevant to this Complaint, SETERUS, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

14. At all times relevant to this Complaint, SETERUS, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

15. At all times relevant to this Complaint, SETERUS, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

16. At all times relevant to this Complaint, SETERUS, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17. Upon information and belief, the primary function of SETERUS's, servicing business is to collect payment on mortgage accounts.

18. Upon information and belief, SETERUS, began servicing the subject loan after it was allegedly already in default.

19. Upon information and belief, SETERUS, was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

20. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising

from transactions entered into primarily for personal, family or household purposes.

21. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

22. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

23. On or about April 26, 2007, Plaintiff entered into a fixed rate promissory note agreement with GreenPoint Mortgage Funding, Inc. (the "Note").

24. The Note was secured by a mortgage on Plaintiff's residence located at **** Palo Verde Drive Boynton Beach, Florida 33436, in favor of Mortgage Electronic Registration Systems, Inc. (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

25. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

26. In June 2010, SETERUS took over the servicing of the Loan.

27. Since taking over the servicing of the Loan, SETERUS has unlawfully charged Plaintiff for property inspection fees month-after-month.

28. In April 2014, Plaintiff submitted a loan modification application to Defendant which included an executed Making Home Affordable Program ("HAMP") Request for Mortgage Assistance ("RMA") form.

29. The RMA asked Plaintiff if she wanted to keep the property; if the property is her primary residence; and if the property was owner occupied.

30. Plaintiff answered in the affirmative to each, of the above questions.

31. Defendant duly received the application and knew that Plaintiff lived in the home and sought to keep the property.

32. Yet, Defendant continued to cause property inspections fees to be charged to the Loan at an alarming rate.

## REQUEST FOR INFORMATION

33. Plaintiff wished to seek answers as to why SETERUS continued to cause fees to be charged to the Loan for property inspections. After all, Plaintiff lives in a gated community and never provided SETERUS or any other entity hired by SETERUS authorization to enter the community to conduct property inspections.

34. In an effort to utilize the protections afforded to consumers by Congress, on or about December 23, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to SETERUS a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). SETERUS received Plaintiff's RFI on or about December 29, 2015.

35. A true and correct copy of same is attached as Exhibit "A".

36. Plaintiff's RFI asked SETERUS, *inter alia*, to provide the following information:

   (1) Please state if you have any reason to believe the subject property is vacant and/or not in good condition, and if yes, please state the reason.
   (2) Please identify the specific section of the mortgage that you rely upon to authorize any property inspections on the subject property
   (3) Please advise why you believe that monthly property inspections are reasonable or appropriate to protect the lender's interest in the subject property
   (4) Please identify the date upon which you first ordered a property inspection to be conducted on the subject property
   (5) Please state the frequency with which you conduct or cause to be conducted property inspections upon the subject property
   (6) Please state whether you received specific instructions from the owner/lender of the subject loan to conduct or cause to be conducted property inspections upon the subject property
   (7) The date each property inspection was conducted

    (8) Copies of each and every property inspection invoice, report, photographs taken (if applicable)
    (9) Proof of payment for the amounts specified and charged to the account

  37.  SETERUS, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

  38.  SETERUS, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

  39.  On January 13, 2015, SETERUS provided a written response to Plaintiff's RFI (the "Response").

  40.  A true and correct copy of same is attached hereto as Exhibit "B".

  41.  In the Response, SETERUS stated:

> [O]ur system is currently reflecting the collateral property located at **** Palo Verde Drive, Boynton Beach, FL 33436 ***to be owner occupied***. However, due to the delinquency of your client's loan, Seterus may continue to exercise its rights under the terms of the signed and enclosed Mortgage to protect its interest in the property […] Property inspections are ordered […] every 30 days if the delinquency continues. These were drive-by inspections to see if the property was occupied and in good repair." (emphasis added).

  42.  However, SETERUS has no interest in the property. SETERUS is not the owner/investor of the property – they are simply the loan servicer.

  43.  In the Response, SETERUS provided a payoff statement and a loan history, which drastically differed in the amount of property inspection fees purportedly incurred.

  44.  Additionally, SETERUS did not provide responses to request numbers 1, 3, 6, and 8 above.

45. In an attempt to obtain the outstanding information, on February 17, 2014, Loan Lawyers, on behalf of Plaintiff, sent SETERUS a follow-up letter ("Follow-up").

46. A true and correct copy of same is attached hereto as Exhibit "C".

47. The Follow-up informed SETERUS of the discrepancies in the in Response and sought clarification.

48. The Follow-up also inquired about the property inspection reports provided, many of which stated that that the inspector could not gain access to the property because it was a gated community and there was a guard who would not allow access.

49. Notwithstanding this knowledge, and the fact that SETERUS knew the property was owner-occupied, month-after-month SETERUS hired a third-party, Safeguard Properties, to go back to the property to inspect it. Again and again, Safeguard Properties was turned away by a guard and SETERUS still billed Plaintiff for the "inspection" which was never actually conducted.

50. In the Response, there are some property inspection reports that indicate that access *was* granted to the property. This means that the Safeguard Properties unlawfully gained access as Plaintiff has never authorized said Safeguard Properties to enter the community.

51. It is evident that these inspections are meaningless. SETERUS gives no deference to the facts above and still charges Plaintiff each month. This is a profit scheme and nothing else.

52. To date, SETERUS has failed or refused to provide a complaint response with the outstanding information requested in Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

**OWNER-SERVICER RELATIONSHIP**

53. In addition to the RMA, Plaintiff's RFI informed SETERUS that the property was occupied and that Plaintiff "has not allowed the property to deteriorate and has not committed waste on the property." *See Exhibit "A"*.

54. Still, Defendant caused property inspections to be performed on Plaintiff's residence virtually every month since 2014. *See Exhibit "B"*.

55. These inspections are not even required by the owner of the Loan, Fannie Mae.

56. Upon information and belief, Fannie Mae has servicing guidelines in which SETERUS, as servicer for Fannie Mae, must follow.

57. According to the Fannie Mae Servicing Guidelines, "fees may be charged on a repetitive basis only when required or permitted by Fannie Mae's Guides or otherwise clearly supported by the circumstances relating to a particular mortgage loan." F*annie Servicing Guidelines, Part A, Subpart 4, Chapter 1*, at 220. https://www.fanniemae.com/content/guide/svc021115.pdf (last visited June 8, 2015).

58. Upon information and belief, Fannie Mae does not require that servicers order property inspections more frequently than once every 30 days.

59. According to the Fannie Mae Servicing Guidelines, the servicer generally does not have to inspect a property that secures a delinquent mortgage loan if it has established Quality Right Party Contact ("QRPC") with the borrower and is working with the borrower to resolve the delinquency or a full payment has been received within the last 30 days.

> The servicer must order the property inspection by the 45th day of delinquency and complete the property inspection no later than the 60th day of delinquency if QRPC has not been achieved or a full payment has not been received within the last 30 days. The servicer must continue to obtain property inspections every 30 days until it establishes QRPC as long as the mortgage loan remains 45 days or more delinquent. *Fannie Servicing Guidelines, Part D, Subpart 2, Chapter 2*, at 419-420.

https://www.fanniemae.com/content/guide/svc021115.pdf (last visited June 8, 2015)(emphasis added).

60. The LMP submitted in April 2014 was a QRPC under the Fannie Mae Servicing Guidelines and Plaintiff is not aware of any circumstance that would support continuous property inspections.

61. Notwithstanding, SETERUS continues to order property inspections knowing that they are not permitted to access the property.

62. The extent of Plaintiff's concern does not end here. Plaintiff was recently offered a trial modification, to which she accepted and has made her first payment on same. Notwithstanding, SETERUS is *still* conducting property inspections. This is evidenced on a May 2015 and June 2015 mortgage statement attached hereto as Exhibit "D" and "E" respectively.

63. Thus, SETERUS has admitted it knows Plaintiff occupies the property. SETERUS has admitted it orders property inspections automatically every thirty days. SETERUS is aware that Safeguard Properties, on multiple occasions, was unable to inspect the property because it is in a gated community. SETERUS has received payment on the property for the month of June 2015. Yet, all things considered, SETERUS is still ordering property inspections and charging Plaintiff for same, irrespective if the inspections were actually conducted.

## COUNT I – VIOLATION OF 12 U.S.C. § 2605(k)

64. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 52.

65. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of

paying off the loan, or avoiding foreclosure, or other standard servicer's duties;

**(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or

**(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

66. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

67. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

68. SETERUS has failed to or refused to comply with 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that SETERUS did not provide a compliant response to a request for information within the required timeframe.

69. As such, SETERUS has violated 12 U.S.C. § 2605(k)(1)(E).

70. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

71. Plaintiff is entitled to actual damages as a result of Defendant, SETERUS's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to SETERUS's failure to adequately respond to Plaintiff's RFI. *See* Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Marais v. Chase Home Finance, LLC, 24 F.Supp.3d 712 (S.D. Ohio 2014)(the court, on remand, finding that actual damages encompass costs incurred in mailing QWR and "all expenses, costs, fees, and injuries" attributable to servicer's failure to appropriately respond to QWR); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

72. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of SETERUS's pattern or practice of noncompliance with Regulation X and RESPA.

73. In this case alone, SETERUS has violated three (3) separate provisions of Regulation X and RESPA.

74. SETERUS has also violated RESPA with respect to loan numbers: ****7659, ****1848, and ****7852. This further evidences SETERUS' pattern or practice on non-compliance with RESPA.

75.     Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT II-VIOLATION OF FDCPA: 15 USC 1692e

76.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 63.

77.     15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

<u>15 U.S.C. § 1692e</u>

78.     The charging of property inspection fees the Loan after SETERUS became aware that the property was occupied and in good repair is a false representation or deceptive means to collect or attempt to collect a debt.

79.     SETERUS has unlawfully increased the amount of the debt owed by Plaintiffs by charging for fees, which SETERUS has no authority or reasonable basis to impose. This is merely a tactic used to increase the billing of Plaintiffs.

80.     The charging of property inspection fees when no property inspection was actually conducted due to the inspector being denied access to the property is a false representation of a service rendered.

81.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

82. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

83. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

84. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

### COUNT III-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

85. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 63.

86. Florida Statutes § 559.72(9) states:

> "In collecting debts, no person shall…
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

87. SETERUS has unlawfully increased the amount of the debt owed by Plaintiffs by charging for fees, which SETERUS has no authority or reasonable basis to impose. This is merely a tactic used to increase the billing of Plaintiffs.

88. SETERUS has attempted to go under the guise of the Mortgage documents to suggest that it is lawful to conduct property inspections at will, indiscriminately, and without justification, merely because the Loan is allegedly in default. This is tantamount to the assertion of the existence of a legal right that SETERUS knows does not exist.

89. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

90. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

91. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

92. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, BETH SAVITCH, respectfully asks this Court to enter an order granting judgment for the following:

(a) That SETERUS be required to provide the information requested in Plaintiff's RFI;

(b) That SETERUS be required to remove all property inspection fees from Loan;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f), 15 U.S.C. § 1692k, and Florida Statutes § 559.77(2); and

(d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, BETH SAVITCH, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:   (954) 523-4357
Facsimile:    (954) 581-2786